UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH H. BOOTH, II,

    Plaintiff,

v.                            Case No. 15-11760

TIMOTHY SAMMONS, INC., et al.,

    Defendants.
                                               /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On October 30, 2015, Plaintiff Ralph H. Booth, II requested the clerk of court to enter a default judgment against Defendants. (Dkt. # 18.) Four days later, the clerk of court denied Plaintiff's request because Plaintiff "[c]annot request Attorney Fees." (Dkt. # 19.) Now before the court is Plaintiff's Motion for Reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h) and the Federal Rules of Civil Procedure. (Dkt. # 42.) For the reasons stated below, Plaintiff's Motion will be denied.

## I.  STANDARD

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684

(E.D. Mich. 2004). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 distinguishes between default judgments entered by the clerk of court and those entered by the court. The clerk of court is authorized to enter a default judgment only "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." *Id.* at 55(b)(2). Federal courts have made clear that attorney fees are not a "sum certain." *See, e.g.*, *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d. 66, 70 (D.D.C. 2002) ("The amount of attorney's fees, however, is not considered a sum certain as the reasonableness of the fees requested by the [plaintiff] is a 'judgment call' which only the [c]ourt can make.") (quoting *Combs v. Coal & Mineral Mgmt. Servs., Inc.,* 105, F.R.D. 472, 475 (1984)); *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, No. 04-733, 2005 WL 2180481 (W.D. Mich. Sept. 9, 2005). This is true even when, as here, the Plaintiff has requested a specific amount of attorney fees. *Chemtail, Inc. V. Citi-Chem, Inc.,* 992 F. Supp. 1390 (S.D. Ga. 1998) ("However, a plaintiff 'cannot satisfy the amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances.") (quoting 10 Fed. Prac. & Proc. Civil 2d §§ 2688, 2684.)

Plaintiff's entire Motion for Reconsideration is based on a faulty understanding of the clerk of court's decision. He claims that "[t]he Court determined Plaintiff was not entitled to attorney fees," and that it therefore "palpably erred by denying Plaintiff's

2

Motion for Clerk's Entry of Default Judgment . . . because attorney fees are an element of Plaintiff's damages pursuant to Section 4 of the Parties' agreement and Fed. R. Civ. P. 54(D)(2)(A)." (Dkt. # 20, Pg. ID 143 (emphasis omitted).) But *the court* did nothing of the sort. Plaintiff requested that the *clerk* of court enter a judgment of default—including attorney fees—against all Defendants. This request the clerk was procedurally barred from granting. As such, no palpable defect exists in the decision, and the court will deny Plaintiff's Motion.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Dkt. # 20) is DENIED. Nothing in this order should be construed as preventing Plaintiff from seeking the entry of a default judgment against Defendants from the court pursuant to Federal Rule of Civil Procedure 55(b)(2).

     s/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated: May 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 12, 2016, by electronic and/or ordinary mail.

     s/Lisa Wagner  
     Case Manager and Deputy Clerk  
     (313) 234-5522